UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN LICAUSI,

                    Plaintiff,

           -against-

SUFFOLK COUNTY; POLICE
DEPARTMENT; OFFICER BOGLIOLE;
THOMAS SPOTA,

                    Defendants.

20-CV-4619 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff, currently incarcerated in the  Eastern Correctional Facility, is proceeding *pro se* and *in forma pauperis.* He  filed this action under 42 U.S.C. § 1983, against Suffolk County, the Suffolk County Police Department, Suffolk County Police Officer Bogliole, and former Suffolk County District Attorney Thomas Spota. He  alleges that Defendants falsely arrested him and violated his constitutional rights during his subsequent state-court criminal proceedings. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

**DISCUSSION**

       Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Plaintiff filed this complaint regarding events occurring in Suffolk County, New York. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claims arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Suffolk County, New York, which is located in the Eastern District. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 22, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge